**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| JOHN INGRAHAM and MARIE INGRAHAM, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.  26-CV-547 |
| | ) | |
| and | ) | |
| | ) | |
| ABC HEALTH INSURANCE | ) | |
| | ) | |
| Involuntary Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ZIMMER, INC. d/b/a ZIMMER BIOMET, ZBWISCO, INC. f/k/a ZIMMER THOMSON ASSOCIATES INC., DEF MANUFACTURING, and GHI INSURANCE COMPANIES | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ZIMMER, INC.'S NOTICE OF REMOVAL**

Defendant Zimmer, Inc., (hereinafter, "Zimmer"), pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, hereby removes to this Court the action captioned *John Ingraham, et al. v. Zimmer, Inc.., et al.*, Case No. 2026CV000172, on the docket of the Circuit Court for Waukesha County, Wisconsin (the "state court action").  In support of this Notice of Removal, Zimmer states:

**BACKGROUND**

**I.  PLEADINGS AND PROCESS**

1.  On or about January 27, 2026, Plaintiffs John Ingraham and Marie Ingraham ("Plaintiffs") commenced the state court action against Zimmer and ZBWisco, Inc., by filing a Complaint in the Circuit Court for Waukesha County, Wisconsin, bearing case number 2026CV000172.

2.  Zimmer was served with the Summons and Complaint on March 2, 2026.

3.      In this action, Plaintiffs allege that they suffered various injuries as a result of being implanted with a Zimmer Trilogy System (the "Devices") during Plaintiff John Ingraham's left total hip arthroplasty on January 2, 2002. (**Exhibit A**, Compl. ¶¶ 9-10.)

4.      As more fully set forth below, this case is properly removable to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because Zimmer has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

5.      Furthermore, for the reasons set forth below, Defendant ZBWisco, Inc. should be dismissed pursuant to the doctrine of fraudulent joinder, and therefore its citizenship is irrelevant to the determination of subject matter jurisdiction under § 1332(a).

## REMOVAL

## I.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 & 1441.

6.      This is an action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court under 28 U.S.C. § 1441, in that there exists complete diversity of citizenship between the properly joined parties—Plaintiffs and Zimmer— in the underlying cause of action. Moreover, the amount in controversy as between Plaintiffs and Zimmer exceeds the sum or value of $75,000, exclusive of interests and costs.

7.      As explained below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 as an action between citizens of different states. Section 1441 provides that removal based on diversity jurisdiction is proper "if [none] of the parties in interest ***properly joined*** and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added).

**A.      Removal is timely and the amount in controversy exceed $75,000.**

8.      Removal is timely because Zimmer has removed this case within thirty (30) days of being served with the Summons and Complaint. *See infra* ¶¶ 1, 2; 28 U.S.C. § 1446(b); FED.R.CIV.P. 6.

9.       Also, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied. In evaluating whether the amount in controversy requirement has been satisfied, the court is not strictly bound to the damages claimed in the plaintiff's pleadings. *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011). As the "proponent of federal jurisdiction," the defendant is "entitled to present its own estimate." *Id*. In evaluating the defendant's estimate, the question of whether the amount in controversy exceeds the $75,000 jurisdictional minimum is a "prediction" and "not a fact." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). The standard for evaluating the allegations put forth in a notice of removal is low: "a defendant's notice of removal need include only ***a plausible allegation*** that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014) (emphasis added); *Oshana v. Coca–Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) ("A good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence.").

10.      This Court has found that products liability claims involving orthopedic implants and medical devices frequently satisfy the $75,000 amount-in-controversy threshold required for diversity jurisdiction under 28 U.S.C. § 1332(a). *See, e.g., Bean v. Smith & Nephew Inc*, No. 25-C-184, 2025 WL 1870872, at *1 (E.D. Wis. June 2, 2025), *motion to certify appeal granted sub nom. Bean & ABC Health Ins*., No. 25-C-184, 2025 WL 2945560 (E.D. Wis. Oct. 17, 2025)

(holding "amount in controversy was clearly in excess of $75,000" in case arising from injuries sustained as a result of a failed total knee replacement); *Platten v. Smith & Nephew Inc*., No. 20-C-1265, 2023 WL 1820994, at *5 (E.D. Wis. Feb. 8, 2023) (holding subject matter jurisdiction existed at the time the case was removed in case alleging revision surgery on plaintiff's left hip to repair a failed hip replacement).

11.     Here, Plaintiffs' Complaint seeks recovery of medical expenses, pain, suffering, disability, loss of enjoyment of live, loss of consortium, statutory costs, and attorney fees. (Compl., Prayer for Relief.)  Plaintiffs' Complaint does not specify the exact amount in controversy. However, the Complaint read in its entirety establishes that Plaintiffs seeks damages well in excess of Seventy-Five Thousand Dollars ($75,000).  Plaintiffs allege that as a result of the allegedly defective Device, Plaintiff John Ingraham required revision surgery on March 25, 2025.  (Compl. ¶ 23.)  In addition to revision surgery, Plaintiff John Ingraham also alleges that he "sustained serious personal injuries that are likely permanent in nature, specifically including but not limited to his left hip and left leg; that he has and may in the future incur medical expenses for his care and treatment, and has and may in the future continue to endure pain, suffering, disfigurement, and a diminished capacity to fully enjoy life, all to his past and future damage and harm." (Compl. ¶ 28.)

12.     Accordingly, although Zimmer reserves the right to object to the damages sought by Plaintiffs and dispute that Plaintiffs are entitled to recover any damages, based on a fair reading of the allegations in the complaint, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.  Therefore, the amount in controversy requirement is satisfied for jurisdiction under 28 U.S.C. § 1332(a).

- 4 -

**B. Complete Diversity of Citizenship Exists Among the Properly Joined Parties.**

13. There is complete diversity of citizenship between the properly joined parties.

14. Plaintiffs John Ingraham and Marie Ingraham are citizens of the State of Wisconsin. Plaintiffs allege that they are both residents of Wisconsin and were residents of Wisconsin at "all times relevant hereto." (Compl., ¶¶ 1-2.) Additionally, Plaintiffs also alleges that Plaintiff John Ingraham underwent a total hip arthroplasty in Wisconsin on January 2, 2002, and received additional medical care in Wisconsin from December 2024 to March 25, 2025. (Compl., ¶¶ 9, 20-23.) Upon these facts, Plaintiffs have been residents of and remained in Wisconsin for at least the past twenty-four years. Plaintiffs do not allege any facts to suggest that they are citizens of any state other than Wisconsin nor possess an intent not to remain in Wisconsin. (*See generally*, Compl.) Therefore, Plaintiffs are domiciled in and citizens of the State of Wisconsin for purposes of determining diversity. *See Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (holding citizenship means domicile —i.e., the state where a person is physically present and intends to remain).

15. Removing Defendant Zimmer, Inc. is a corporation existing under the laws of the State of Delaware with its principal place of business in the State of Indiana. (Compl., ¶ 4).

16. As demonstrated below, non-diverse Defendant ZBWisco, Inc. has been fraudulently joined as a defendant in this action and, therefore, its citizenship is irrelevant to the determination of subject matter jurisdiction under § 1332(a). Nevertheless, ZBWisco, Inc. consents to this removal.

17. ABC Health Insurance, DEF Manufacturing, and GHI Insurance Companies are fictitious parties whose citizenship is irrelevant to the determination of subject matter jurisdiction. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on

- 5 -

the basis of jurisdiction under § 1332(a) … the citizenship of defendants sued under fictitious names shall be disregarded.").

18.     Accordingly, there is complete diversity among the proper parties, and removal is proper under 28 U.S.C. § 1332 (a)(1).

**C.     ZBWisco, Inc. is Fraudulently Joined in this Action; Therefore, its Citizenship Does Not Defeat Complete Diversity.**

19.     Plaintiffs have fraudulently joined non-diverse Defendant ZBWisco, Inc. to defeat diversity of citizenship jurisdiction.

20.     The fraudulent joinder doctrine bars remand to state court where the nondiverse defendant was joined simply to defeat removal. *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011). To demonstrate that joinder is fraudulent, "[t]he defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) (emphasis removed). The court must consider whether there is "any reasonable possibility" that the plaintiff could prevail against the nondiverse defendant, and if there is not, fraudulent joinder has been established. *See id.* To answer this question, the district court must apply state substantive law. *See Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999).

21.     Where fraudulent joinder is established, "the federal district court considering removal may 'disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (quoting *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009)).

- 6 -

22. Here, ZBWisco, Inc. did not distribute or facilitate the sale of the Devices, was not involved in the design or manufacture of the Devices, and otherwise was not involved whatsoever with Plaintiff John Ingraham's Devices at issue in this action or Plaintiff John Ingraham's implant surgery, which took place on January 2, 2002.

23. The Complaint incorrectly identifies "ZBWISCO, Inc. f/k/a Zimmer Thomson Associates, Inc." as a single entity. However, ZBWISCO, Inc. was never known as Zimmer Thomson Associates, Inc. (**Exhibit B**, Decl. of Paul Soltwedel on Behalf of ZBWisco, Inc., ¶ 3 ("Soltwedel Decl."))

24. ZBWisco, Inc. was not created and incorporated until November 8, 2017. (Soltwedel Decl., ¶ 2.)

25. Thus, prior to November 8, 2017, ZBWisco, Inc. did not distribute or facilitate the sale of Zimmer medical devices to Oconomowoc Memorial Hospital, where Plaintiff John Ingraham's implant surgery was performed on January 2, 2002. (Soltwedel Decl., ¶¶ 4-5.)

26. ZBWisco, Inc. does not own – nor has it ever owned – Zimmer, Inc. (Soltwedel Decl., ¶ 6.)

27. ZBWisco, Inc. is not owned by, nor has it ever been owned by, Zimmer, Inc. (Soltwedel Decl., ¶ 7.)

28. ZBWisco, Inc. does not design or manufacture medical devices. More specifically, ZBWisco, Inc. did not create or furnish Zimmer, Inc., or any other entity, with the design or formulation that was used to produce, create, make, construct, assemble, or rebuild any components of the Zimmer Devices implanted in Plaintiff John Ingraham on January 2, 2002. (Soltwedel Decl., ¶ 8.)

29.     ZBWisco, Inc. did not market, distribute, or supply the Zimmer Devices implanted in Plaintiff John Ingraham on January 2, 2002. (Soltwedel Decl., ¶ 9.)

30.     Therefore, since ZBWisco, Inc. has no connection to the Devices implanted in Plaintiff John Ingraham during his January 2, 2002 surgery, there is no cognizable cause of action as a matter of law against ZBWisco, Inc. *Poulos*, 959 F.2d at 74 (affirming finding of fraudulent joinder and subject matter jurisdiction where plaintiff "had no chance of recovering damages from [fraudulently joined defendant] in a Wisconsin court").

**D.     Venue and other requirements are satisfied.**

31.      The United States District Court of the Eastern District of Wisconsin includes the county in which the state court action is now pending.  Thus, this Court is the proper venue for this action pursuant to 28 U.S.C. § 1441(a).

32.     Pursuant to 28 U.S.C. § 1446(d), Removing Defendants are filing a written notice of this removal with the Clerk of the Circuit Court for Waukesha County, Wisconsin.  This Notice of Removal and the Notice of Filing Notice of Removal are being served upon Plaintiffs' counsel as required by 28 U.S.C. § 1446(d).

33.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Removing Defendants in the state court action are attached as Exhibit A.

WHEREFORE, Defendant Zimmer, Inc. respectfully removes the state court action captioned *John Ingraham, et al. v. Zimmer, Inc.., et al.*, Case No. 2026CV000172, from the Circuit Court for Waukesha County, Wisconsin to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated this 1st day of April 2026.

Respectfully submitted,

/s/ Tamar B. Kelber
Tamar B. Kelber (SBN 1101802)
Gass Turek LLC
241 North Broadway, Suite 300
Milwaukee, WI 53202
(414) 223-3300
kelber@gassturek.com

*and*

Peter A. Meyer (IN #SBN 27968-53)
(admission application forthcoming)
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian Street, Suite 2500
Indianapolis, Indiana 46204
(317) 237-0300
(317) 237-1000 (fax)
peter.meyer@faegredrinker.com

*and*

Clark A. Belanger (IN #SBN 35835-02)
(admission application forthcoming)
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
(260) 424-8000
(260) 460-1700 (fax)
clark.belanger@faegredrinker.com

*Attorneys for Zimmer, Inc.*

- 9 -

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on April 1, 2026 I filed the foregoing Notice of Removal via the Court's

CM/ECF electronic filing system, which will give notice to all parties and their counsel of record.

I also served a copy of the foregoing via regular U.S. Mail upon:

Raymond H. LaBarge (WI # 1075438)
SCHOTT BUBLITZ & ENGEL, S.C.
640 W. Moreland Blvd.
Waukesha, WI 53188
(262) 827-1700
(262) 827-1701 Fax
rlabarge@sbe-law.com

*Attorney for Plaintiffs*

*/s/ Tamar B. Kelber*

- 10 -