# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JOHN INGRAHAM, et al.,

      **Plaintiffs,**

      v.                                    **Case No. 26-C-547**

ZIMMER, INC., d/b/a Zimmer Biomet, et al.,

      **Defendants.**

## ORDER REMANDING CASE AND DENYING
## MOTION FOR ATTORNEYS' FEES AND COSTS

On January 27, 2026, Plaintiffs John and Marie Ingraham commenced this action against Zimmer, Inc., and related companies (collectively Zimmer) by filing a complaint in the Circuit Court for Waukesha County. Believing that Zimmer was served on March 2, 2026, counsel for Zimmer filed a Notice of Removal on April 1, 2026, which was within the thirty days required under 28 U.S.C. § 1446(b). Although one of the Zimmer-related defendants was, like Plaintiffs, a citizen of the State of Wisconsin, Zimmer claimed that defendant had been improperly joined and, thus, federal jurisdiction existed under 28 U.S.C. § 1332. During an April 14, 2026, Rule 26(f) conference, counsel for Plaintiffs advised that he was considering a motion to remand the case to state court on the ground that the Wisconsin defendant was properly joined, thereby defeating federal jurisdiction, but said nothing about the timeliness of the Notice of Removal. On May 1, 2026, Plaintiffs filed their motion to remand the case not because the Wisconsin defendant was properly joined but because the Notice of Removal was untimely. Counsel for Zimmer promptly investigated and learned that his client had been served on February 27, not March 2, 2026, as he had believed, making the removal notice untimely. Counsel immediately notified counsel for

Plaintiffs and indicated he would not oppose remand. The only issue remaining is whether attorney fees and costs should be awarded to Plaintiffs. Plaintiffs seek an award of $6,267.45.

The governing statute states: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). But an order requiring payment of attorney fees and cost is not appropriate in every case that is remanded to state court. Otherwise, Congress would not have used the discretionary "may." In construing this statute, the Court has noted that "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). "Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Id.* On the other hand, ordering payment of fees and costs in every case would deter parties from removing cases in all but the most obvious cases. *Id.* ("If fee shifting were automatic, defendants might choose to exercise this right only in cases where the right to remove was obvious."). "The appropriate test for awarding fees under § 1447(c)," the Court explained, "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* In light of these considerations, the Court held:

> the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

*Id.* at 141.

2

Applying that test to the facts of this case, counsel for Zimmer argues that fees and costs should not be allowed. Counsel contends that he in good faith believed that Zimmer was served on March 2, 2026, and only realized after Plaintiffs filed their motion to remand that service had been effectuated on February 27, 2026. Br. in Opp. to Request for Costs and Atty's Fees, Dkt. No. 20, at 1–2. Counsel further notes that immediately after learning of the issue, he investigated and learned that his initial belief as to when Zimmer had been served was incorrect. Counsel promptly notified Plaintiffs' counsel of his error, attempted to stipulate to remand, and engaged in no conduct to delay, prolong, or complicate the proceedings further. *Id.* at 2.

It is difficult to assess the objective reasonableness of counsel's conduct, since he does not say why he thought service was completed on March 2, 2026. Although counsel states in his Brief in Opposition that he "in good faith, believed that Zimmer was served on March 2, 2026," *id.* at 1, counsel did not file a declaration or affidavit explaining how the mistake occurred. At the same time, Plaintiffs' counsel also seems to have at least initially overlooked the fact that the Notice of Removal was untimely. Had he brought it to the attention of opposing counsel prior to or at the April 14th Rule 26(f) conference, it seems obvious counsel for Zimmer would have immediately investigated the issue and promptly agreed to remand, just as he did in response to Plaintiffs' motion to remand. Instead, Plaintiffs' counsel spent more than 15 hours researching and drafting Plaintiffs' motion to remand and now seeks over $6,000 in fees and costs, including the original state court filing and service fees.

Under the circumstances of this case, the court declines to award fees and costs to Plaintiffs. To repeat, the Court has construed the statute to mean that "[a]bsent unusual circumstances, courts *may* award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141 (italics added). The purpose of

3

an award is to "to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Id.* at 140. Here, it is clear that counsel for Zimmer did not seek to remove the case for the purpose of prolonging the litigation and imposing costs on the opposing party. He made an honest mistake and promptly tried to minimize the costs on the court and counsel when it was brought to his attention that service had been made on Monday, March 2, and not on February 27, the preceding Friday. Counsel for Plaintiffs apparently made the same mistake and failed to promptly raise the issue until he spent some 15 hours in research and writing. *Contra Jackson Cnty. Bank v. DuSablon*, 915 F.3d 422, 425 (7th Cir. 2019) (noting "court's finding that 'DuSablon's conduct in defending the motion to remand' suggested that 'removal was undertaken at least in part to delay a resolution of the noncompete issues to his benefit and to allow for a second bite at the apple after losing his motion to dismiss in state court.'"). No such motivation was present here.

For the foregoing reasons, Plaintiffs' motion to remand the case to State court (Dkt. No. 15) is **GRANTED**. Their request for attorney fees and costs is **DENIED**. Pursuant to § 1447(c), a certified copy of the order of remand shall be mailed by the clerk to the clerk of the Circuit Court for Waukesha County.

      **SO ORDERED** at Green Bay, Wisconsin this 2nd day of June, 2026.

William C. Griesbach
United States District Judge

4